**Ihm Ajantha Bandara HERATH, Indukanthi Kumari Koralegedera Shiromani, Hm Pravindi Kumari Herath, Petitioners,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 04–4776–ag.

United States Court of Appeals, Second Circuit.

June 12, 2006.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

84

Ihm Ajantha Bandara Herath, pro se, Staten Island, NY, for Petitioners.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Steven Kim, Sarah Lum, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

Present: WILFRED FEINBERG, GUIDO CALABRESI and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Ihm Ajantha Bandare Herath ("Herath"), Indukanthi Kumari Koralegedera Shiromani ("Shiromani"), and Hm Pravindi Kumari Herath (collectively, "Petitioners"), *pro se*, petition for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Jeffrey S. Chase denying their applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopts and affirms the IJ's opinion and supplements it with the BIA's own conclusions, we review both the opinion of the IJ and that of the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

On appeal, Petitioners argue (1) that they were prejudiced by the IJ's failure to record a September 2002 hearing during the course of their asylum proceedings, (2) that the BIA and IJ improperly relied on reports from the United States Consulate in Sri Lanka that had been solicited specifically in Petitioners' case, and (3) that the IJ's adverse credibility finding, to which the BIA "deferred," was based on conjecture and speculation, as well as "the ancillary matter" of Herath's brother's kidnaping.

As to Petitioners' first claim, we find that the IJ's failure to preserve the hearing transcript of September, 2002, does not, on the facts of this case, warrant remand. Petitioners are correct that the BIA is required to maintain a complete record of all testimony and evidence produced at immigration proceedings, *see* 8 U.S.C. § 1229a(b)(4)(C), and federal regulations require that immigration hearings "be recorded verbatim except for statements made off the record with the permission of the immigration judge," *see* 8 CFR § 1240.47. We have held, however, that "where an INS regulation does not affect fundamental rights derived from the Constitution or a federal statute, we believe it is best to invalidate a challenged proceeding only upon a showing of prejudice to the rights sought to be protected by the subject regulation." *Waldron v.*

*INS,* 17 F.3d 511, 518 (2d Cir.1994), cited in *United States v. Fernandez–Antonia,* 278 F.3d 150, 157 (2d Cir.2002); *see also Kheireddine v. Gonzales,* 427 F.3d 80, 85 (1st Cir.2005) (holding that an alien challenging an inaccurate or incomplete transcript must show "specific prejudice to his ability to perfect an appeal sufficient to rise to the level of a due process violation" (internal quotation marks omitted)).

In the present case, we affirm the conclusion of the BIA that Petitioners have not established prejudice stemming from the gap in the record. The IJ sought to correct the inadvertent failure to record the September 2002 proceeding by providing a summary of that hearing for the record, and his final decision carefully avoided reliance on testimonial analysis based on the September 2002 hearing. In addition, the IJ's final decision preserved his observation, allegedly made for the first time at the unrecorded hearing, that some testimonial discrepancies by Shiromani could be attributed to her nervousness.

■ Second, the IJ's admission of the reports from the United States Consulate does not rise to the level of a due process violation. *See Felzcerek v. INS,* 75 F.3d 112, 115 (2d Cir.1996) ("the due process test for admissibility of evidence in a [removal] hearing is whether the evidence is probative and whether its use is fundamentally fair" (internal citation and quotation omitted)). Petitioners have not offered any basis for impugning "the reliability and trustworthiness" of the consular reports, *see id.,* which provided detailed information relating to Petitioners' background and documented the consul's extensive efforts to corroborate the authenticity of purportedly official documentation of Herath's brother's kidnaping and murder.

The IJ's ultimate finding that Petitioners were not credible stemmed from his demeanor observations, which are afforded particular deference, *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004), as well as from several important testimonial inconsistencies. Among these, the IJ justifiably relied on the lack of corroboration of Herath's twin brother's alleged kidnaping and murder, upon which Petitioners' application substantially relied. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006); *Zhou Yun Zhang,* 386 F.3d at 78. The IJ's commendable efforts to corroborate this claim through the consulate yielded substantial evidence that no such kidnaping and murder had occurred.

Under the circumstances, we are confident that whatever minor errors may have been made by the IJ, any remand would be futile, because the same decision would be reached on remand absent these errors. *See Xiao Ji Chen,* 434 F.3d at 161; *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401–02 (2d Cir.2005).

We have considered all of Petitioners' claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).