Manjeet SINGH, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 07–1492–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**412**

Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Shelley R. Goad, Senior Litigation Counsel, John D. Williams, Trial Attorney, Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Manjeet Singh, a citizen of India, seeks review of a March 12, 2007 order of the BIA, denying his motion to reopen exclusion proceedings. *In re Manjeet Singh,* No. A72 483 782 (B.I.A. March 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Our review is confined to whether the denial of the motion to reopen constituted an abuse of discretion, and does not revisit the underlying exclusion proceedings. *Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006).

■ Because Singh's motion to reopen would otherwise be untimely and numerically barred, 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1), the sole question is whether the BIA abused its discretion in finding that Singh failed to establish that his motion fell under the changed-country-conditions exception. 8 U.S.C. § 1229a(c)(7)(C)(ii). We conclude it did not. The BIA properly noted that the results of Singh's recent polygraph test do not evidence changed country conditions in India necessary to meet the exception to the time and numerical limitations on motions to reopen. In addition, Singh has failed to establish that conditions in India have changed materially since he left in 1993. Although the State Department report Singh cites supports his claim that a new law, the Unlawful Activities (Prevention) Act, has been passed, the report itself states that "[h]uman rights activists reported that the revised UAPA contains important improvements" over the prior law. Otherwise, Singh cites no changed conditions that would constitute a material change in country conditions that would affect his claim for relief. *Cf. Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir.2005). Thus, Singh was unable to show a changed country condition to warrant reopening of his proceedings. 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1).

■ Additionally, Singh requests that this Court remand his case because the administrative record is missing a November 2000 decision by an Immigration Judge and a subsequent motion for reconsideration Singh filed with the IJ. Singh argues that these omissions from the record deny him full review on appeal. Singh's petition, however, challenges only the BIA's denial of his August 2005 motion to reopen, which turns entirely on whether Singh has established changed country conditions. As such, the missing documents have no bearing on the motion to reopen being challenged before the Court at this time. *See Herath v. Gonzales,* 185 Fed.Appx. 83 (2d Cir.2006) (citing *Waldron v. INS,* 17 F.3d 511, 518 (2d Cir. 1994)) (denying petition when a "gap in the

record" due to an unrecorded hearing did not prejudice applicant).

For the foregoing reasons, the petition for review is DENIED.